STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT
PORTLAND
Docket Nos. CR 2017-5485
CR 2018-2838

STATE OF MAINE          )
                        )
                        )
v.                      )          ORDER
                        )
                        )
                        )
MUKA J. KABALA,         )
                        )
        Defendant       )

In CR 2017-5485 Mr. Kabala was charged with operating under the influence on September 15, 2017. He entered into an 18-month deferred disposition on May 5, 2018. On May 28, 2018 Mr. Kabala was stopped while driving in South Portland. He was charged with operating under the influence and violation of condition of release in CR 2018-2838 and two motions to terminate deferment and enforce sentence were filed in CR 2017-5485. The Defendant filed a motion to suppress in both cases. A hearing was held on those motions and the motions to terminate. Written arguments have been submitted.

Mr. Kabala was driving his Porsche in South Portland and was properly stopped because of an excessively loud exhaust and defective brake lights that were always on regardless of whether the vehicle was stopping. There was some weaving but it was minimal and would not have justified a stop in isolation.

The first officer who approached Mr. Kabala smelled alcohol coming from Mr. Kabala. A second officer arrived and it was determined that Mr. Kabala had bail conditions from his deferred disposition agreement which authorized searches and tests for alcohol consumption "at any time without articulable suspicion or probable cause." The first officer conducted an abbreviated horizontal gaze nystagmus test (HGN) which,

while not complete or done exactly right, was consistent with alcohol consumption. A complete HGN test was done by the second officer producing four of six clues.

The decisions to conduct the HGN tests and to proceed with field sobriety tests were supported by the evidence, Mr. Kabala's bail conditions and the law.

The field sobriety tests were conducted with mixed results. The Defendant is Congolese and his first language, his *langue maternelle*, is French. While his English is good it is a second language. I find that much of his confusion on the field sobriety tests was related to a language barrier rather than alcohol consumption. While a person learning a second language would learn words like *foot* or *walk* early on, the person would not likely learn words like *heel* or *sole* until much later or at all. However, there was enough evidence to warrant the arrest and the request to submit to a blood alcohol test.

All of the evidence was properly gathered and can be used at any trial. Any plea discussions or trial must seriously consider whether the less successful portion of the field sobriety tests and the non-completion of a blood alcohol test are attributable, at least in part, to a French speaker being given complicated instructions in English.

The motions to terminate the deferred disposition will be held until any trial when all evidence can be considered.

The entry is:

Motions to terminate deferment will be decided at trial.

Motions to suppress are denied.

DATED: _March 22, 2019_

Paul A. Fritzsche
Unified Criminal Court Judge

2